# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FIFTH THIRD BANK,**

**Plaintiff,**

-vs-                                                    **Case No.  6:14-cv-270-Orl-22DAB**

**FLORIDA CABLE, INC., GARY M
ENGLISH, DANA D ENGLISH, OCALA
DOWNS FARMOWNERS'
ASSOCIATION, INC., XYZ
CORPORATION, JOHN DOE and JANE
DOE,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of Plaintiff's response to the Court's Order to Show Cause why the action should not be transferred to the Ocala Division of the Court (Docs. 17,25).  For the following reasons, it is **respectfully recommended** that the cause be transferred, pursuant to Local Rule 1.02, to the Ocala Division.

This is an action for foreclosure on a mortgage; to foreclose security interest in rent collateral under mortgage; for foreclosure of pledge and security agreements; breach of underlying promissory notes; an action on guaranty agreements; and for an appointment of a Receiver with respect to "rents, revenues and profits" derived from the collateral (Doc. 1).  As noted in its show cause Order, the Complaint alleges venue is proper in this Court "in that the real and personal property which is the

subject of this action is in Lake County, Florida; Putnam County, Florida; and Marion County, Florida." (Doc. 1 ¶2). None of these three counties are in the Orlando Division of this Court, and Lake and Marion counties are within the Ocala Division.

In response to the show cause Order, Plaintiff asserts that venue is proper in this division because "all parties and their counsel have their principal place of business, residence and conduct business in the Orlando Division, the sums owed to Fifth Third were due in Orlando and thus its claims arose in this Division and the Orlando Division is the most convenient and best forum for the parties and witnesses" (Doc. 25). The Court is unpersuaded.

With respect to the principal place of business or residency of Defendants, the Complaint alleges that **all** of the Defendants are residents of counties within the Ocala Division, save for Gary English and Dana English, who are alleged to be residents of both Orange County, Florida **and** Lake County, Florida (Doc. 1 ¶4 - emphasis added). These allegations were verified by Plaintiff's representative, who declared, under penalty of perjury, that he read the Verified Complaint and "all matters stated are true and correct" (Doc. 1, p. 22). In view of these specific, sworn averments, Plaintiff's about-face assertion that all parties reside in Orlando is unconvincing.[1]

Nor is the Court persuaded that Orlando is the better forum for a mortgage foreclosure action because the sums to be paid were due here. While the local action rule does not control venue in federal court,[2] Plaintiff has asked for appointment of a Receiver, and to foreclose on certain real and

---

[1] Indeed, the exhibits attached to the Response *support* the allegations that Defendants are residents of the Ocala division. *See* Doc. 25-2, noting the principal address of Florida Cable and the addresses of Defendants Gary and Dana English to be in Astor, Florida, which is in Lake County.

[2] *See* 28 U.S.C. §1391(a)(2).

personal property, *all* of which is alleged to be located in the Ocala division or Jacksonville.  The nature of the relief sought therefore has no demonstrated connection to Orlando.[3]

Finally, Plaintiff's contention that the Orlando Division is the most convenient and best forum for the parties and witnesses is unpersuasive.  Plaintiff admits that its witness resides in Michigan and its proposed Receiver resides in Miami.  As both will need to travel to this District regardless, the fact that counsel prefers Orlando is not compelling.  Moreover, there is no showing that, as to any "unknown" tenants in the Ocala property, Orlando is more convenient.

Considering the allegations of the Verified Complaint regarding the location of all parties, the nature of the suit, and the relief sought, the Court finds Ocala has the greater nexus with the cause, and therefore **recommends** transfer to the Ocala division.  *See* Local Rule 1.02.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 24, 2014.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3]Plaintiff stresses that it has a Central Florida office in Orlando, has records here, and is therefore "located in" Orlando. In its Complaint, however, Plaintiff invoked diversity jurisdiction, contending that it was an Ohio corporation with a principal place of business in Ohio. Thus, Plaintiff claims to be a citizen of Ohio for diversity jurisdiction purposes, but claims to be local for venue purposes.